UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JUAN GARCIA, | ) | |
| Petitioner, | ) | 3:10-cv-00130-ECR-RAM |
| vs. | ) | **ORDER** |
| WILLIAM DONAT, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (Docket #8).

**I. Background**

Petitioner was charged in a Nevada justice court by criminal complaint with two counts of sexual assault with a minor under the age of fourteen. (Exhibit 2). Petitioner waived his right to a preliminary hearing and was bound over to the state district court. (Exhibits 1 & 3). Petitioner plead guilty to one count of sexual assault with a minor under the age of fourteen. (Exhibits 4 & 5). Petitioner signed the guilty plea memorandum and was convicted. (Exhibits 5 & 6). Petitioner did not file a direct appeal.

Petitioner filed a post-conviction habeas petition in state court. (Exhibit 7). The state district court dismissed the petition on grounds of untimeliness pursuant to NRS 34.726. (Exhibit 9).

1  On January 7, 2010, the Nevada Supreme Court affirmed the dismissal of the habeas petition, finding
2  that the petition was untimely filed under NRS 34.726. (Exhibit 10). On February 24, 2010,
3  petitioner submitted his habeas petition to this Court. (Docket #1).

**II. Discussion**

Respondents move to dismiss the petition on grounds of procedural bar. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel,

2

itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In the instant case, the claims in the federal petition are identical to the claims in the state habeas petition. (Docket #1; Exhibit 7). On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court dismissed the petition as untimely, citing NRS 34.726(1). The Ninth Circuit has held the application of the procedural bar at issue in this case – NRS 34.726(1) – to be independent and adequate grounds. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). The same claims raised in the federal petition were procedurally defaulted in state court on adequate and independent state grounds. Petitioner has presented no meritorious grounds for cause and prejudice, and has not demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. The claims brought in the federal petition were procedurally defaulted in state court and are barred from consideration by this Court.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

3

2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #8) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED IN ITS ENTIRETY**, as procedurally barred.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 20th day of January, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE